The petition for the road was filed under Section 4774 of the ^Revised Statutes of Ohio, and the ease presents two points for *331 decision. The first point raised by the plaintiff is as to the manner in which distance shall be measured for the purpose of embracing property “within one mile on each side of a free turnpike road,” as provided by Section 4786, R. S. 0., in a case where the road makes a turn at an obtuse angle. In the case at bar, the petitioner’s property is situated at a, point in the road where it makes almost but a little more than a right angle.
The plaintiff’s claim is that the expression “on each side” precludes and exempts property at the corner altogether, although within one mile, while the defendant’s contention is that the one mile lines should follow the road around the angle in exactly similar shape at the angle point. I think neither contention is strictly correct.
To construe Section 4786 in the most natural and reasonable manner consistent with its manifest purpose must necessarily lead to the conclusion that its provisions do not contemplate application only to improvement of or laying out of perfectly straight roads, nor to exempt territory at each of the bends or angles thereof. I readily conclude that the line of the one mile limit on each side of the road should follow the bends and angles thereof, and not be broken by each angle or bend, leaving exempt territory until a point one mile distant at exactly right .angles wth the new line of direction be reached.
But in the case at bar, in making the turn at this angle, the defendants can not project the two limit lines until they meet at a point, because this point and considerable of the territory embraced in the angle thereof will be more-than a mile distant. The more reasonable plan is to project each limit line parallel with the respective sides at an exact length and then connect the two points by a line instead of projecting them still further until they meet. I do not find anything in the case of Lear v. Halstead, 41 Ohio St., 566, cited by counsel to be inconsistent with the above holding.
The second point relates to the power of the county commissioners to make the proposed continuation of the special levy to pay for said road. The original petition for the road asked for a levy of eight mills on the dollar for the period of eight *332 years, and on January 7, 1891, the commissioners granted this petition. But upon a second petition about two months iater, the commissioners amended their first order, and made the rate ten mills for ten years. Subsequently, acting under Section 4812 of the Revised Statutes, giving the right to them to continue the tax “originally levied” for a period not exceeding fifteen years, the commissioners continued this levy of ten mills for an additional period of eight years.
Arnold, Martin (& Irvine, for plaintiff.
Taylor & Seymour, for defendant.
The question turns, therefore, as to whether the original levy, as that term is used under Section 4812, was eight mills or ten mills, and this point really involves the question as to whether or not the county commissioners, before finally and ultimately declaring and completing the first levy, had the power to amend the same.
I hold that the original order of the commissioners for eight mills made on January 7, 1891, could, on petition, be properly amended by the commissioners if done before the.levy was actually in process of collection and in sufficient time for the first installment thereof to be collected and before any inconsistent action had been taken upon the first levy. In this case the amendment was made within two months and before any installment had actually been collected or was in process of collection under the first order. The rescission of this first order and the making of the new order two months later were proper functions and in the exercise of proper powers of commissioners.
I therefore hold the original levy was the levy actually made and continued during the past ten years, to-wit, that of ten mills as provided by Section 4777.
Judgment accordingly.